UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 22-mj-8489-BER |
| | Case No. 22-mj-8533-BER |
| v. | Case No. 22-mj-8534-BER |
| | Case No. 22-mj-8547-BER |
| SEALED SEARCH WARRANT | Case No. 22-mj-8548-BER |
| | Case No. 22-mj-8549-BER |
| | Case No. 22-mj-8550-BER |
| _____ / | |

## MEDIA ORGANIZATIONS' MOTION TO INTERVENE
## AND TO UNSEAL SEARCH WARRANT MATERIALS

Last week, this Court unsealed an order granting the Government's motion to disclose materials relating to eight search warrants to former President Donald J. Trump and his co-defendant, Waltine Nauta, as discovery in the criminal case against them. The connection between seven of those warrants and the prosecution of the former President was previously unknown to the public. In light of this new information, which is of immense public interest, the Media Intervenors[1] move to intervene in these matters for the limited purpose of seeking an

---

[1] The "Media Intervenors" consist of the following news organizations, many of which sought and were granted intervention in *United States v. Sealed Search Warrant* ("*Mar-a-Lago Search Warrant Proceeding*"), Case No. 22-mj-8332-BER: Advance Publications, Inc.; American Broadcasting Companies, Inc.; the Associated Press; Bloomberg L.P.; Cable News Network, Inc.; CBS Broadcasting Inc. o/b/o CBS News.; CMG Media Corporation; Dow Jones & Company, Inc., publisher of *The Wall Street Journal*; the E.W. Scripps Company; *The Palm Beach Post*, and *USA TODAY*, publications operated by subsidiaries of Gannett Co., Inc.; Fort Myers Broadcasting Company; Fox News Network, LLC; Gray Media Group, Inc.; Guardian News & Media Limited; Insider Inc.; Los Angeles Times Communications LLC, publisher of *The Los Angeles Times*; the McClatchy Company, LLC d/b/a the *Miami Herald*; NBCUniversal Media, LLC d/b/a NBC News; Orlando Sentinel Media Group, publisher of the *Orlando Sentinel*; POLITICO LLC; Radio Television Digital News Association; Reuters News & Media Inc.; Sun-Sentinel Company, LLC, publisher of the *South Florida Sun Sentinel*; TEGNA Inc.; Telemundo Network Group LLC d/b/a Noticias Telemundo; The New York Times Company; Times Publishing Company, publisher of the *Tampa Bay Times*; Tribune Publishing Company; Univision Networks & Studios, Inc.; and WP Company LLC d/b/a *The Washington Post*.

order unsealing all documents filed with this Court relating to the additional search warrants (the "Additional Search Warrant Materials").[2]

The Court should require the Government to establish that the continued sealing of those portions is warranted under the stringent standards that necessarily apply to the sealing of judicial records. Only if the Court finds that the Government has met this heavy burden should the materials remain sealed.

## ARGUMENT

A.   **The Media Intervenors Have Standing to Intervene in this Matter.**

As the Eleventh Circuit has explained, "[t]he press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records." *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1170 (11th Cir. 2019); *see also United States v. Sealed Search Warrant* ("*Mar-a-Lago Search Warrant Proceeding*"), Case No. 22-mj-8332-BER (S.D. Fla.), ECF Nos. 11, 26, 35 (granting intervention to media organizations for limited purpose of seeking access to materials related to search warrant executed at former President Trump's Mar-a-Lago residence). The Media Intervenors are news organizations that have been covering the investigation and criminal prosecution of Trump, and they therefore have standing to intervene in these proceedings for the limited purpose of seeking access to the Additional Search Warrant Materials.

B.   **This Court Should Unseal the Additional Search Warrant Materials.**

On August 8, 2022, the public learned that agents from the Federal Bureau of Investigation had executed a search warrant and seized multiple boxes of records at former

---

[2] The Media Intervenors are filing an identical motion in each of the seven dockets pertaining to the Additional Search Warrant Materials.

2

President Trump's home at Mar-a-Lago that day.  Recognizing "the intense public and historical interest in an unprecedented search of a former President's residence," *Mar-a-Lago Search Warrant Proceeding*, ECF No. 80 at 13, this Court granted media organizations' motions to unseal in part and directed the Government to file a redacted version of the Mar-a-Lago search warrant affidavit, *id.* ECF No. 94.  Since then, as more information has come to light about the investigation and eventual indictment of former President Trump for mishandling classified documents and obstruction of justice, this Court has issued a series of orders further unsealing portions of the Mar-a-Lago search warrant affidavit and related documents.  *Id.* ECF Nos. 99, 130, 154, 164.

One of the documents recently unsealed by this Court, a June 12, 2023 order granting the Government's motion to disclose search warrant materials to the defendants in the criminal case against former President Trump and one of his employees, *United States v. Donald J. Trump and Waltine Nauta*, Case No. 23-cr-80101-AMC, referenced seven docket numbers for sealed search warrant proceedings beyond the Mar-a-Lago search warrant that was already known to the public.  *Mar-a-Lago Search Warrant Proceeding*, ECF No. 146.

For the same reasons that have justified granting public access to substantial portions of the Mar-a-Lago search warrant affidavit, both before and after the indictment of former President Trump, this Court should unseal the Additional Search Warrant Materials.  As this Court has recognized, the public has a right of access to search warrant materials, and it is the Government's burden to justify sealing them.  *See id.* ECF No. 80 at 3-5; *see also, e.g.*, *United States v. Peterson*, 627 F. Supp. 2d 1359, 1374 (M.D. Ga. 2008); *United States v. Vives*, 2006 U.S. Dist. LEXIS 92973, at *2-3 (S.D. Fla. Dec. 21, 2006); *In re Four Search Warrants*, 945 F. Supp. 1563, 1567 (N.D. Ga. 1996); *In re Search of Office Suites for World & Islam Studies*

3

*Enter.*, 925 F. Supp. 738, 742 (M.D. Fla. 1996); *United States v. Shenberg*, 791 F. Supp. 292, 293 (S.D. Fla. 1991).

The Government's stated justifications for sealing the Mar-a-Lago search warrant affidavit were that "disclosure would reveal (1) the identities of witnesses, law enforcement agencies, and uncharged parties, (2) the investigation's strategy, direction, scope, sources, and methods, and (3) grand jury information protected by Federal Rule of Criminal Procedure 6(e)." *Mar-a-Lago Search Warrant Proceeding*, ECF No. 94 at 1. The Court correctly noted, in weighing these initial arguments, that there were portions of the Mar-a-Lago affidavit—and, indeed, most warrant materials—"that at least presumptively could be unsealed" without compromising those Government interests. *Id.* ECF No. 86 at 53; *see also id.* at 16-17. It ultimately rejected the Government's argument that the "record justifi[ed] keeping the entire Affidavit under seal," and directed the Government to propose redactions. *Id.* ECF No. 80 at 13.

To the extent that the Government offers the same justifications for maintaining the Additional Search Warrant Materials under seal, it bears the burden of demonstrating that it "has a sufficiently important interest in secrecy that outweighs the public's right of access" and that there is no "less onerous (or, said differently, a more narrowly tailored) alternative to sealing." *Id.* at 5. As the indictment against former President Trump has already been unsealed, and this Court has unsealed portions of the Mar-a-Lago warrant papers, the Government faces an especially tough burden as to these remaining Additional Search Warrant Materials. *See Peterson*, 627 F. Supp. 2d at 1373-74 ("judicial documents should not be sealed indefinitely; they should only remained sealed when some interest would be adversely affected if the documents were made public"); *In re Search of Office Suites*, 925 F. Supp. at 742 ("In most

4

instances . . . once the warrant and application have been returned to the court, the public and press should have full access.").

Even if, based on this Court's independent review, the Government can meet its substantial burden as to select portions of the Additional Search Warrant Materials, the remainder of these judicial records should be unsealed. *See, e.g.*, *Vives*, 2006 U.S. Dist. LEXIS 92973, at *3 (conducting independent review of Government's assertions that redactions to search warrant affidavit were "essential to preserve higher values" and "narrowly tailored to serve the interest," and unsealing portions of affidavit for which Government had not met its burden).

## CONCLUSION

For the foregoing reasons, the Media Intervenors respectfully request that the Court enter an order permitting them to intervene in these proceedings and unsealing the Additional Search Warrant Materials. The Media Intervenors further request that the Court place its order on their motion, and any accompanying opinion, on the public docket as well.

## CERTIFICATION OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 88.9(a), undersigned counsel certify that on July 18, 2023, they made reasonable efforts to confer via email with counsel for the Government and counsel for former President Trump. Counsel for Trump did not respond, and counsel for the Government stated that the Government opposes this motion.

Dated: July 21, 2023                          Respectfully submitted,

THOMAS AND LOCICERO PL                        BALLARD SPAHR LLP

By: */s/ Carol Jean LoCicero*                 By: */s/ Charles D. Tobin*
    Carol Jean LoCicero (FBN 603030)             Charles D. Tobin (FBN 816345)
    601 South Boulevard                           1909 K Street NW, 12th Floor
    Tampa, FL 33606                               Washington, DC 20006
    Telephone: 813.984.3060                       Telephone: 202.661.2218

clocicero@tlolawfirm.com

Dana J. McElroy (FBN 845906)
Karen Williams Kammer (FBN 771200)
Daniela B. Abratt (FBN 118053)
915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
Telephone: 954.703.3418
dmcelroy@tlolawfirm.com
kkammer@tlolawfirm.com
dabratt@tlolawfirm.com

*Attorneys for CBS Broadcasting Inc., Fort Myers Broadcasting Company, the McClatchy Company, LLC d/b/a the Miami Herald, The New York Times Company, Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel, and Times Publishing Company*


SHULLMAN FUGATE PLLC

By: */s/ Rachel E. Fugate*
    Rachel E. Fugate (FBN 144029)
    Deanna K. Shullman (FBN 514462)
    Minch Minchin (FBN 1015950)
    2101 Vista Parkway, Suite 4006
    West Palm Beach, FL 33411
    Telephone: 813.935.5098
    rfugate@shullmanfugate.com
    dshullman@shullmanfugate.com
    mminchin@shulmanfugate.com

*Attorneys for American Broadcasting Companies, Inc., CMG Media Corporation, Dow Jones & Company, Inc., Guardian News & Media Limited, Orlando Sentinel Media Group, publisher of the Orlando Sentinel, and Tribune Publishing Company*

tobinc@ballardspahr.com

*Attorneys for Advance Publications, Inc., the Associated Press, Bloomberg L.P., Cable News Network, Inc., the E.W. Scripps Company, Fox News Network, LLC, Gray Media Group, Inc., Insider Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, NBCUniversal Media, LLC, Radio Television Digital News Association, Reuters News & Media Inc., TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, WP Company LLC d/b/a The Washington Post, and Univision Network & Studios, Inc.*


ATHERTON GALARDI MULLEN & REEDER PLLC

By: */s/ L. Martin Reeder, Jr.*
    L. Martin Reeder, Jr. (FBN 308684)
    1641 Worthington Road, Suite 11
    West Palm Beach, FL 33409
    Telephone: 561.293.2530
    martin@athertonlg.com

*Attorneys for The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc.*